IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Edmond Powell, Jr., ) | C/A No. 0:10-686-JMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Robert Edmond Powell, Jr. ("Powell"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and remanded.

## ADMINISTRATIVE PROCEEDINGS

On August 25, 2006, Powell applied for DIB, alleging disability beginning April 25, 2006. Powell's application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on December 1, 2008, at which Powell, who was represented by Stuart W. Snow, Esquire, appeared and testified. The ALJ, after hearing the testimony of a vocational expert, issued a decision on March 3, 2009 finding that Powell was not disabled. (Tr. 15-20.)

Powell was fifty years old at the time of his alleged disability onset date. (Tr. 19.) He has a high-school education and past relevant work experience as a warehouse worker, a manufacturing technician, and a propane tank service/delivery man. (Tr. 98, 101.) Powell alleges disability since April 25, 2006 due to feet disorders, back problems, a right hip replacement, depression, and hearing problems. (Tr. 96.)

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since April 25, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has had the following severe of impairments: avascular necrosis of the right femoral head with status post total hip arthroplasty, status post discectomy of the lumbar spine, congenital deformities of the foot and ankle bilaterally, and impingement syndrome of the right shoulder with a small partial-thickness tear of the distal anterior bursal surface of the supraspinatus tenon (20 CFR 404.1521 *et seq.*).
   \* \* \*
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).
   \* \* \*
5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following additional restrictions[:] sit-stand at thirty minute intervals; occasionally climb ramps and stairs, balance, stoop and crouch; never climb ladders, ropes or scaffolds; never kneel and crawl; occasionally reach overhead with right arm; and avoid all exposure to vibration, heights and dangerous machinery.
   \* \* \*
6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
   \* \* \*
7. The claimant was born on [REDACTED], 1956 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).



8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-741 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 25, 2006 through the date of this decision (20 CFR 404.1520(g)).

(Tr. 15-20.)

On February 22, 2010, the Appeals Council denied Powell's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:



>    (1)    whether the claimant is engaged in substantial gainful activity;
>
>    (2)    whether the claimant has a "severe" impairment;
>
>    (3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;
>
>    (4)    whether the claimant can perform his past relevant work; and
>
>    (5)    whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig



v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**ISSUES**

Powell raises the following issues for judicial review:

1. Whether the Administrative Law Judge erred in finding that the claimant is not disabled based upon the ability to perform semi-skilled light work, where it is undisputed that the claimant has no transferable skills, limiting him to unskilled work.

2. Whether the Administrative Law Judge erred in finding that the claimant could perform light work despite his restriction to work allowing a sit stand option.

(Pl.'s Br., ECF No. 16.)

**DISCUSSION**

**A.     Ability to Perform Semi-Skilled Work**

Powell first argues that the ALJ erred in determining that Powell could perform semi-skilled light work. Specifically, Powell argues that he was closely approaching advanced aged at his alleged



onset date, his educational level did not provide for entry into skilled work, and he did not have any transferable skills. As stated above, the ALJ found that Powell could perform light work with additional limitations. Relying on the testimony of the vocational expert ("VE"), the ALJ found that Powell could perform the jobs of order filler and general clerk. However, Powell argues that the VE testified that these positions are semi-skilled, not unskilled positions, and that the VE conceded that Powell had no transferable skills. Moreover, Powell points out that if he were limited to sedentary work, Powell would be found to be disabled based on the Grids.

A review of the VE's testimony reveals that the VE discussed Powell's past relevant work, which consisted of the following three jobs: (1) air control, air conditioning assembler, which he stated is medium work activity with a specific vocational preparation ("SVP") of three,[1] DOT # 706.684-010; (2) warehouse worker, which he stated is medium work activity with an SVP of two, DOT # 922.687-058; and (3) tank cleaner, which he stated is heavy work activity with an SVP of three, DOT # 891.687-022. (Tr. 43.) In response to the ALJ's hypothetical question, the VE stated that the hypothetical individual would be able to perform the occupations of order filler (DOT # 222.487-010) and general clerk (DOT # 209.562-010), both of which he stated are light, semi-skilled work activity. (Tr. 44.) The ALJ then asked if there were any transferable skills from either of Powell's past semi-skilled jobs as an air conditioning assembler or a tank cleaner, to which the VE responded that there were none. However, the VE noted that Powell "did say that he filled orders in the job as a warehouse worker," which the VE opined would have been transferable. (Tr. 45.) In discussing this statement with the VE, the ALJ pointed out that the VE testified that the

---

[1] The court observes that unskilled work corresponds to an SVP of one to two, semi-skilled work corresponds to an SVP of three to four, and skilled work corresponds to an SVP of five to nine. SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000).



warehouse worker job was unskilled and that "you can't transfer any skills from unskilled work," to which the VE responded, "Oh." (Id.) There is no further testimony or discussion by the VE concerning the transferability of skills.

The Commissioner argues that the work activities in certain semi-skilled jobs " 'may be little more than unskilled work.' " (Def.'s Br. at 4, ECF No. 17 at 4) (quoting SSR 82-41, 1982 WL 31389, at *2). The Commissioner observes that Social Security Ruling 82-41 provides that an ALJ may determine that a person who works in jobs that are semi-skilled but next to unskilled, such as a chauffeur or sewing-machine operator, have "very little vocational advantage over an unskilled person and [do] not have transferable skills." SSR 82-41, 1982 WL 31389, at *3. Further, the Commissioner argues that the ALJ's determination that Powell could perform two semi-skilled jobs even though he did not have any transferable skills was reasonable "because the VE's testimony indicated Plaintiff did not need transferable skills to perform these occupations." (Def.'s Br. at 4, ECF No 17 at 4.) It appears that the Commissioner reached this conclusion based on the fact that the VE was aware that Powell did not have any transferable skills and that the VE did not indicate that these occupations required any specific transferable skills.

Contrary to the Commissioner's argument, the court finds that the record is unclear as to whether the occupations that the VE testified that the hypothetical individual could perform required any transferable skills; in fact, the VE appeared to think that Powell may have had a transferable skill. To this statement, the ALJ pointed out that "you can't transfer any skills from unskilled work." (Tr. 45.) The ALJ's statement is supported by the social security regulations and SSR 82-41. See 20 C.F.R. § 404.1568(a) ("A person does not gain work skills by doing unskilled jobs."); SSR 82-41, 1982 WL 31389, at *2. Following the ALJ's statement, there was no further testimony from



the VE concerning this issue. Further, the ALJ's opinion does not provide any further insight into this issue. (Tr. 20.)

Based on the foregoing, the court cannot determine based on the record before it whether the ALJ's determination that the claimant's impairments did not prevent him from doing any other kind of work is supported by substantial evidence. See 20 C.F.R. § 404.1520(a)(4). Accordingly, the court is constrained to remand this matter for further development of the record on this issue.

**B.     Sit-Stand Option**

Powell also argues that the ALJ's determination that Powell requires a sit-stand option renders him disabled pursuant to SSR 83-12. While this issue may be rendered moot on remand, to the extent that it is not, the court finds that Powell has failed to demonstrate that the ALJ's finding on this issue was unsupported by substantial evidence or controlled by an error of law.

SSR 83-12 discusses situations in which an RFC assessment includes a requirement that the claimant must alternate between sitting and standing. SSR 83-12, 1983 WL 31253, at *4. While it does state that "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will," the ruling further states that "[i]n cases of unusual limitation of ability to sit or stand, a [vocational specialist] should be consulted to clarify the implications for the occupational base." Id. In this case, the VE confirmed that, while the jobs he identified would require an employer to make a special accommodation for the employee to walk around as needed, these jobs would allow for a restriction that Powell be able to "sit-stand at thirty minute intervals." (Tr. 17; see also Tr. 45-46.) Accordingly, this arguments fails.



**RECOMMENDATION**

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 26, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).